OPINION OF THE COURT
Per Curiam.
Judgment of conviction, rendered August 25, 2009, reversed, on the law, accusatory instrument dismissed, and fine, if paid, remitted.
The underlying information, charging defendant with violating Rules of City of New York Department of Parks and Recreation (56 RCNY) § 1-04, alleged that defendant, at a specified location at 7:48 p.m. on March 7, 2009, was observed inside a city park “after dusk” in violation of a sign posted at the park entrance stating that the park closed at dusk. These allegations, while arguably sufficient to make out a violation of section 1-03 (a) of the Parks Department Rules, headed “Hours of operation,” which prohibits persons from being in city parks after their posted closing times (see 56 RCNY 1-03 [c] [2]; People v Davis, 13 NY3d 17, 21, 31-32 [2009]), were clearly insufficient to establish prima facie defendant’s violation of Parks Department Rules § 1-04, the only violation asserted in the information or relied upon by the People as a basis for affirmance on appeal. Section 1-04 of the Parks Department Rules sets forth a wide array of “Prohibited Uses” of city parks, making it unlawful, for example, to engage in such proscribed conduct as “Destruction or abuse of property and equipment” (subd [a]), “Abuse of park animals” (subd [g]), “Urination and defecation” (subd [k]) and “Unhygienic use of fountains, pools, and water” (subd [r]); however, section 1-04 cannot reasonably be read to criminalize a person’s mere presence in a city park, even if such presence is shown to be violative of a prohibition posted on a park sign, conduct which, as indicated, is forbidden elsewhere in the Parks Department Rules. The People’s present attempt to pigeonhole defendant’s conduct into the type of “Disorderly behavior” proscribed by section 1-04 (1) (1) is unavailing, since defendant was not given fair notice of that theory in the People’s pleading, which contains no allegation tending to indicate that *40 defendant acted in a disorderly manner by “entering] or attempting] to enter any [park] facility, area or building sealed, locked or otherwise restricted from public access.”
In view of our disposition of the case on jurisdictional grounds, we have no occasion to address defendant’s remaining point.
Lowe, III, EJ., Shulman and Hunter, Jr., JJ, concur.